

# THE ATTORNEY GENERAL
## OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

October 11, 1973

*See*
*C - 720*
*m - 863*

The Honorable Oscar McInnis
Criminal District Attorney
Hidalgo County
Edinburg, Texas 78539

Opinion No. H-125

Re: Requirement that the
State Comptroller pay
fees of out-of-state
witnesses in advance.
Article 24. 28, V. T. C. C. P.

Dear Mr. McInnis:

Your request for our opinion concerns the interpretation of Article 24. 28 of Vernon's Texas Code of Criminal Procedure, also known as the Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Proceedings. Your letter was submitted prior to the close of the recent legislative session and could not take into account the provisions of House Bill 844 (Acts 1973, 63rd Leg., ch. 477, p. 1285) which amended Articles 24. 28 and 35. 27, both of the Code of Criminal Procedure.

Prior to those amendments confusion existed as to the payment of fees of out-of-state witnesses. A series of opinions was rendered by this Department in 1966 and thereafter. House Bill 844 was intended, in large part, to meet some of the anomalies previously existing between the treatment accorded witnesses from out-of-state and witnesses from within the State but out-of county.

Article 24. 28 of the Code of Criminal Procedure provides that a judge of a court of record in this State may issue a certificate stating that an out-of-state witness is a material witness in a prosecution pending in his court or in a grand jury investigation about to commence. The certificate shall state the number of days the witness will be required.

Section 4(b) provides, in part:

> "If the witness is summoned to attend and testify in this State he shall be tendered the compensation for

> non-resident witnesses authorized by Article 35. 27
> of this Code, together with such additional compen-
> sation, if any, required by the other State for com-
> pliance. "

Your question is:

> "Since the statute requires the mileage and per
> diem to be tendered with the certificate of the request-
> ing court (Article 24. 28, C. C. P.) when is the State
> Comptroller required to issue such amounts?"

By its terms, Article 35. 27 now applies not only to out-of-county
witnesses but also to out-of-state witnesses. Sections 2 through 5 gener-
ally provide for the procedure by which, after the witness's appearance,
a claim is to be filed with the Comptroller.

Section 6 in its entirety is as follows:

> "Funds required to be tendered to an out-of-state
> witness pursuant to Article 24. 28 of this Code shall be
> paid by the Comptroller of Public Accounts into the
> registry of the Court in which the case is to be tried
> upon certification by the Court such funds are necessary
> to obtain attendance of said witness. The Court shall
> then cause to be issued checks drawn upon the registry
> of the Court to secure the attendance of such witness.
> In the event that such funds are not used pursuant to this
> Act, the Court shall return the funds to the Comptroller
> of Public Accounts. "

Our answer to your question is that, upon certification by the court
in which the case is to be tried that funds in a certain amount are necessary
to obtain the attendance of a witness, the Comptroller of Public Accounts
should pay those funds into the registry of that court to be disposed of by it
in accordance with other provisions of the Code of Criminal Procedure to
secure the attendance of the witness.

For our opinion concerning other facets of fees for out-of-state witnesses, we call to your attention Attorney General Opinion H-107 (1973).

We believe that the amendments to Articles 24.28 and 35.27 of Vernon's Texas Code of Criminal Procedure make the following opinions, heretofore issued by this office, no longer effective: Attorney General Opinion C-720 (1966) holding that out-of-state witnesses are to be paid in accordance with the payment of other out-of-county witnesses and Attorney General Opinion M-863 (1971) holding that the county may not advance funds to witnesses entitled to be reimbursed under Article 24.28 of the Texas Code of Criminal Procedure. The amended statute specifically provides that the county in which the proceeding is pending may advance funds to any witness who will be entitled to compensation under the Article. Further it should avoid the unfortunate circumstance involved in Opinion M-863 where, because of the unavailability of funds, the witness could not be compensated even though he had appeared.

## SUMMARY

Articles 24.28 and 35.27 of the Texas Code of Criminal Procedure, as amended in 1973, require the Comptroller to pay the statutory witness fee provided for an out-of-state witness into the registry of the Court upon certification by the judge that such witness fees are necessary to compel the attendance of the witness. A county may advance funds to a witness and will be entitled to reimbursement by the State.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee